**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NO.**

MAEVE PAULINE PERKINS,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a Carnival Cruise Lines,

    Defendant.
_____/

## COMPLAINT IN ADMIRALTY

Plaintiff sues Defendant and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, MAEVE PAULINE PERKINS, is a citizen of the Canada and resident of the Province of Ontario.

2. Defendant CARNIVAL CORPORATION d/b/a Carnival Cruise Lines (hereinafter "Carnival") is a Panamanian corporation that maintains its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. subsection 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant Carnival, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or country;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, M/V *Carnival Breeze*.

5. At all times material hereto, Defendant Carnival is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

7. At all times material hereto, Defendant Carnival owned, operated, managed, maintained and/or controlled the M/V *Carnival Breeze*.

8. On or about January 1, 2016, Plaintiff was a paying passenger aboard the M/V *Carnival Breeze*, which was in navigable waters.

9. On or about January 1, 2016, Plaintiff was walking at or near the Ocean Plaza Bar located on Deck 5 of the M/V *Carnival Breeze,* which was dimly lit and crowded with passengers at the time. As Plaintiff walked carefully through the crowd of passengers, Plaintiff was injured when she slipped and fell on a wet and slippery tiled floor.

10. As a result of Carnival's negligence, Plaintiff suffered, but not limited to, a fractured interior pole, right patella. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. It was the duty of Defendant Carnival to provide Plaintiff with reasonable care under the circumstances.

12. On or about January 1, 2016, Defendant Carnival and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

13. On or about January 1, 2016, Plaintiff was injured due to the fault and/or negligence of Defendant Carnival and/or its agents, servants, joint ventures and/or employees as follows:

   a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstance;

   b. Failure to provide reasonably safe passage aboard its vessel, the M/V *Carnival Breeze*;

   c. Failure to maintain the area where Plaintiff's incident occurred in a reasonably safe condition;

   d. Failure to maintain the area where Plaintiff's incident occurred free from unreasonable slipping hazard(s);

   e. Failure to provide an adequately slip resistant floor surface in the area wherein the Plaintiff suffered her slip and fall injury;

   f. Failure to routinely inspect the floor area wherein Plaintiff slipped and fell on a reasonably timely basis given volume of passenger and crew member traffic in and through the area during the time at which Plaintiff suffered her slip and fall;

g.  Failure to adequately inspect the area where Plaintiff's incident occurred for slipping hazards with sufficient frequency to have prevent the Plaintiff's slip and fall incident from happening;

h.  Failure to adequately warn the Plaintiff, of the dangerous and/or hazardous nature of the floor area on which she suffered her accident present when wet ;

i.  Failure to warn adequately the Plaintiff of the slipping hazard(s) present in the area wherein she suffered her slip and fall ;

j.  Failure to maintain the area wherein the Plaintiff suffered her slip and fall in a clean and dry condition;

k.  Failure to mark and/or highlight the hazardous and/or dangerous condition(s) which caused Plaintiff to suffer her slip and fall;

l.  Failure to correct the hazard(s) which caused Plaintiff to suffer her incident;

m.  Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her incident;

n.  Failure to promulgate and/or enforce reasonable and adequate policies and/or procedures to prevent slip and fall incidents from occurring aboard Defendant's cruise ships, including but not limited to: M/V *Carnival Breeze*;

o.  Failure to close off access to the area where Plaintiff suffered her slip and fall incident until the dangerous and/or hazardous condition(s) which caused Plaintiff's incident was corrected, modified, and/or eliminated, and/or;

p.  Failure to ascertain the cause of prior similar slip and fall incidents happening on any of the Defendant's vessels fleet wide, having the same floor surface as the one on

which Plaintiff suffered her injury, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident.

All of which caused and/or contributed to the Plaintiff becoming injured when she slipped and fell on a unidentified liquid substance on the floor area on the outside portion right side of the Lido deck (deck 10) by Guy's Burgers on board the M/V *Carnival Breeze.*

14. At all times material, Defendant Carnival had exclusive custody and control of the M/V *Carnival Breeze*.

15. At all times material, Defendant Carnival violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

16. At all times material, Defendant Carnival failed to have an adequate Safety Management System Manual aboard the M/V *Carnival Breeze*, and/or failed to properly implement the Safety Management System Manual aboard the M/V *Carnival Breeze*.

17. Defendant Carnival knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Carnival, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

18. As a result of the negligence of Carnival, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care. The Plaintiff also lost earnings and lost earning capacity both past and future as well as losing the

benefit of Plaintiff's entire vacation, cruise and transportation costs.  Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE,** the Plaintiff, MAEVE PAULINE PERKINS, demands judgment for all damages recoverable under the law against Defendant, Carnival Corporation d/b/a Carnival Cruise Lines.

*Respectfully submitted,*

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
Miami, Florida 33131
Telephone: (305) 373 – 3016
Facsimile:  (305) 373 – 6204
E-mail: ralsina@lipcon.com

By: */s/ Ricardo V. Alsina*
    **RICARDO V. ALSINA**
    Florida Bar No. 883182